UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BARTOW C. DUTTON; and EDNA R.
DUTTON,

Plaintiffs,

v.                        6:13-cv-58

UNITED STATES OF AMERICA,

Defendant.

## ORDER

## I.    INTRODUCTION

Before the Court are the United States'
Partial Motion for Summary Judgment, ECF
No. 8, and the Plaintiffs' Motion to
Continue Summary Judgment Motion. ECF
No. 12. The United States believes that Dr.
David H. Riggans, a vascular radiology
specialist involved in Plaintiff Bartow
Dutton's medical care that constitutes the
factual core of this case, is not an employee
of the United States and thus any claims
against the United States based on his
conduct should be dismissed. ECF No. 8 at
1. Because the Government filed its
summary judgment motion before any
discovery has been conducted in this case,
the Duttons ask the Court to defer ruling
until they have a chance to investigate Dr.
Riggans' employment status. ECF No. 12 at
3.

Although the Government makes a
compelling case on Dr. Riggans'
employment status, the Duttons have not
had any opportunity to develop facts that
may be relevant to rebutting the

Government's arguments. So, the Court
*GRANTS* a brief period of discovery on the
limited issue of Dr. Riggans' employment
status and *DEFERS* ruling on the
Government's motion.

## II.    BACKGROUND

This litigation stems from medical
treatment Mr. Dutton received at the
Augusta Veterans Administration Medical
Center ("VAMC"). After complaining of
abdominal pain, Mr. Dutton was admitted to
the VAMC in May of 2010. ECF No. 1 at 4.
By June 1, doctors at VAMC determined
that a blocked mesenteric artery caused the
pain. *Id.* An attempt to fix the problem by
crossing the mesenteric artery through Mr.
Dutton's right femoral artery were
unsuccessful. *Id.*

From June 1 to June 4, 2010, Mr.
Dutton's right leg remained cool to the
touch and severely discolored. *Id* at 7. By
June 6, doctors determined that a large blood
clot had formed in Mr. Dutton's femoral
artery that cut off the flow of blood and
necessitated amputation below the knee. *Id.*
at 8. On June 16, Mr. Dutton underwent a
second amputation, losing his right leg
above the knee. *Id.*

Mr. Dutton's negligence complaint
alleges VAMC doctors knew he "was at a
high risk for a thromboembolic event"; that
VAMC knew he suffered such an event on
June 2, 2010; that VAMC then took
insufficient measures to alleviate the blood
clot; that in doing so VAMC breached its
duty to emergently treat Mr. Dutton's leg;
and that withholding treatment negligently
caused Mr. Dutton's leg to deteriorate to the
point of amputation. *Id.* at 9.

Before even the due date for Federal Rule of Civil Procedure 26(f)'s mandatory report, the Government filed its motion for partial summary judgment. In it, the Government argues that Dr. Riggans provided care to Mr. Dutton but is not a federal employee and thus his actions cannot result in liability to the Government under the Federal Tort Claims Act ("FTCA"). *See* ECF No. 8 at 8; *see also* 28 U.S.C. § 1346(b)(1). The Government attached the contract between Dr. Riggans' practice group and the VAMC and two affidavits from VAMC employees to demonstrate Dr. Riggans' employment status as an independent contractor, not a federal employee. *See* ECF Nos. 8-1; 8-2; 8-3.

The Duttons argue that without the benefit of any discovery at all they cannot begin to rebut the Government's arguments. ERF No. 12. As the nonmoving party, the Duttons believe this situation entitles them to the benefit of Federal Rule of Civil Procedure 56(d), which allows courts to defer considering motions for summary judgment when a "nonmovant shows . . . that, for specified reasons, it cannot present facts essential to justify its opposition."

### III. ANALYSIS

The Duttons' negligence claims are made possible by the waiver of sovereign immunity provided by the FTCA. But the FTCA only provides a limited waiver for negligent conduct by federal employees, not conduct of independent contractors. *See* 28 U.S.C. § 2679(b)(1); *id.* at § 2671 (defining federal agency not to include contractors with the United States); *United States v. Orleans*, 425 U.S. 807, 814 (1976) ("Since the United States can be sued only to the extent that it has waived its immunity, due regard must be given to the exceptions, including the independent contractor exception, to such waiver."); *Means v. United States*, 176 F.3d 1376, 1379 (11th Cir. 1999) ("The alleged tortfeasor's status as an employee of the Government is the *sine qua non* of liability under the FTCA.") (internal quotations omitted). So, to the extent that any of the doctors responsible for Mr. Dutton's care are independent contractors and not federal employees, their conduct cannot create liability for the Government.

Rule 56(d), and the Duttons' motion to continue, however, require pausing the employment status inquiry. "Summary judgment," even on an isolated issue like the employment status of Dr. Riggans, "is premature when a party is not provided a reasonable opportunity to discovery information essential to his opposition." *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013). Here, the Duttons have had no opportunity, much less a reasonable one, to conduct discovery on the issue of Dr. Riggans' employment status. This case remains in its infancy, yet the Government asks the Court to rule on a potentially meaningful issue before the plaintiffs have any chance to develop a rebuttal.

Perhaps the Duttons ultimately will not be able to raise a genuine dispute of material fact as to Dr. Riggans' status. *See* Fed. R. Civ. P. 56(a). But ruling on the Government's motion now—before any discovery has taken place, and before even

the Rule 26(f) conference—would be premature.

Nevertheless, the Government correctly notes that proceeding with full-throated discovery given the issue they raise would also be inappropriate. Deciding whether Dr. Riggans is a federal employee implicates whether the Government can represent him, in addition to whether his actions can be imputed to the Government. To balance the Duttons legitimate need for some discovery in order to respond to the Government's motion for summary judgment and the legitimate legal issue of employment status the Government has raised, the Court **GRANTS** the Duttons motion, but in a limited fashion.

The parties shall have sixty (60) days from the date of this Order to conduct discovery limited to the issue of Dr. Riggans' employment status. No discovery is permitted on any other subject matter. Accordingly, the Court **DEFERS** ruling on the Government's motion for partial summary judgment. The Duttons have until ten days after the end of the limited discovery period to submit a supplemental response brief to the Government's motion.

## IV.    CONCLUSION

The Duttons' Rule 56(d) motion is **GRANTED**. ECF No. 12. The parties have six (60) days from the date of this Order to conduct discovery limited to the issue of Dr. Riggans' employment status.

The Court therefore **DEFERS** ruling on the Government's motion for partial summary judgment.    ECF No. 8.    The Duttons have until ten (10) days after the end of discovery to file a supplemental

response brief to the Government's motion for summary judgment.

This ⁄⁄ day of August 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3