IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| BARTOW C. DUTTON<br>EDNA R. DUTTON,<br>  Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>  Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File No. 6:13-cv-58-BAE-GRS |

## PROTECTIVE ORDER REGARDING
## CONFIDENTIAL FINANCIAL AND BUSINESS INFORMATION

The above-captioned case concerns a dispute between Plaintiffs Bartow C. and Edna R. Dutton and the United States of America, arising out of certain medical treatment provided to Plaintiff Bartow C. Dutton at the Charlie Norwood Veterans Administration Medical Center ("VAMC") in Augusta, Georgia in June of 2010. The matter is before the Court on the joint motion of Plaintiffs, Defendant, and Vascular Radiology Associates II ("VRA II") (collectively, the "Movants") for a Protective Order and to Place Under Seal regarding the confidential financial and business information (the "Protected Information") contained in VRA II's contract with the Veterans Administration (the "VA Contract"). A full and unredacted copy of the VA Contract has been requested by Plaintiffs and may be further implicated as discovery progresses. Upon consideration of the Motion, the Court finds as follows:

The financial and business information which is contained in the VA Contract constitutes "a trade secret or other confidential research, development, or commercial information," which may be the subject of a protective order pursuant to Fed. R. Civ. P. 26(c)(1)(G). Furthermore, such information would likely pose significant harm to VRA II if it became public. See Corcel Corp. v. Ferguson Enters., 2013 U.S. Dist. LEXIS 87977, *5 (S.D. Fla. June 20, 2013) (finding

protective order appropriate where unprotected release of business information would allow competitors "to emulate [the movant's] bidding process and win bids over [the movant]"). Indeed, since such confidential information is present throughout the VA Contract, the entire VA Contract is worthy of protection.

Given the foregoing, the Parties are permitted to discover and receive complete, unredacted copies of the VA Contract, as more fully defined below, subject to the following terms and conditions:

1. When used in this Protective Order, the term "COVERED PERSONS" includes only the following: (1) the Court and all Court personnel; (2) the named parties in this litigation; (3) retained counsel for all parties in this litigation, including members of counsel's legal or support staff to the extent reasonably necessary for such persons to render assistance in this litigation; and (4) experts retained or consulted by counsel for any party to assist in the preparation, prosecution, or evaluation of this litigation.

2. The term "VA CONTRACT" shall include each and every iteration, version, renewal, and all documents executed in connection with any contract between VRA II and the Veterans Administration regarding services to be rendered at the Charlie Norwood Veterans Administration Medical Center (the "VAMC") in Augusta, Georgia, beginning in 2008 and continuing through the completion of the litigation of the above-captioned matter.

3. The term "PROTECTED INFORMATION" shall cover the entire VA CONTRACT generally, and shall specifically include (without limiting the generality of the VA CONTRACT's protection) any and all financial information contained in the VA CONTRACT, including the estimated value of the VA CONTRACT; the rates or charges for services listed in

the VA CONTRACT; the particular services provided by VRA II under the VA CONTRACT; and the nature and scope of the relationship between the VA or VAMC and VRA II.

4. The COVERED PERSONS—including their affiliates, subsidiaries, nominees, officers, directors, employees, agents, attorneys, representatives, and all other persons or entities working on their behalf either directly or indirectly—are hereby prohibited from using or disclosing any Protected Information for any purpose other than the litigation of the above-captioned cases, and the Protected Information shall not be shown, disseminated or disclosed in any manner to anyone without the prior written agreement of the producing party or order of the Court after due notice to the producing party.

5. If any party or person who has obtained Protected Information under the terms of this Protective Order receives a subpoena or other legal process commanding the production of any such Protected Information (the "Subpoena"), such party or person shall promptly notify counsel for the producing party of the service of the Subpoena. The party or person receiving the Subpoena shall not produce any Protected Information in response to the Subpoena without either the prior written consent of counsel for the producing party, or an order of a court of competent jurisdiction.

6. Following the conclusion of the litigation of the above-captioned case (which includes the time for all appellate proceedings or the expiration of the time to commence such appellate proceedings, whichever occurs last), the parties and all COVERED PERSONS in possession of any Protected Information will either return or destroy all Protected Information (including all copies) obtained from parties or third-parties pursuant to this Protective Order.

7. Counsel for the parties shall give notice of this Protective Order and its terms to each person or entity to whom they disclose Protected Information, and each such person/entity shall be required to comply with the provisions of this Protective Order.

Furthermore, the copy of the VA Contract which has already been filed with this Court (doc. no. 8-1) shall be placed under seal.

SO ORDERED, this 18th day of March, 2014.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA